Dee ROSS, as personal representative of the Estate of Hector O. Rodas, Plaintiff,

v.

HILLTOP REHABILITATION HOSPITAL, a Colorado corporation, and William Cobb, M.D., Defendants.

Civ. A. No. 87–F–187.

United States District Court, D. Colorado.

March 7, 1988.

Anne C. Stark, Charles M. Johnson, Elaine M. Welle, David H. Miller, American Civil Liberties Union, Denver, Colo., for plaintiff.

Laird T. Milburn, Grand Junction, Colo., for defendant Hilltop Rehabilitation Hosp.

Daniel R. Christopher, Denver, Colo., for defendant William Cobb, M.D.

## ORDER ON MOTIONS TO REVIEW TAXATION OF COSTS

SHERMAN G. FINESILVER, Chief Judge.

This matter is before the court on the following motions: (1) plaintiff's motion to review taxation of costs of defendant Dr. William Cobb ("Cobb"), filed on January 25, 1988; and (2) plaintiff's motion to review taxation of costs of defendant Hilltop Rehabilitation Hospital ("Hilltop"), filed on February 3, 1988. For the reasons stated below, plaintiff's motions are DENIED.

### A. Taxation of Dr. Cobb's Costs

Plaintiff moves for a review of the January 20, 1988 taxation of Dr. Cobb's costs. Plaintiff contends the award of $1,090.48 for deposition transcript costs should be reduced by the costs assessed for taking the depositions of (1) Brad Selgestad, former counsel for Hector Rodas; (2) Dee Ross, plaintiff; (3) David Miller, plaintiff's counsel; (4) Dennis Stahl, chairman of Hilltop's board of directors; (5) Ronald Cronk, director of Hilltop; (6) Karen M. Kirchner, Hilltop's head nurse; and (7) Yazmin Griego, Mr. Rodas' sister.

28 U.S.C. § 1920(2) permits the district court to award as costs, "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case". Therefore, we must determine whether the contested deposition costs were "necessarily obtained for use in the case".

Citing *Moe v. Avions Marcel Dassault–Breguet Aviation*, 727 F.2d 917, 936 (10th Cir.1984), plaintiff argues the rule in the Tenth Circuit regarding the necessity of depositions is whether or not the depositions themselves were admitted or read

into evidence. We disagree. The *Moe* court merely recognized that the trial court has discretion to tax deposition costs, and held that absent an abuse of discretion, the trial court's determination of costs would not be overruled on appeal.

Several courts in this district have outlined a standard for determination of the necessity of costs different from that suggested by plaintiff. In *Ramos v. Lamm*, 539 F.Supp. 730, 754 (D.Colo.1982), Judge Kane held:

> In this complex case it would be unreasonable to find that certain depositions were not necessary because they were not actually used at trial; likewise it would be unreasonable to find that copies were not necessary. In truth, it would have constituted malpractice if the plaintiffs' attorneys had failed to take depositions.

On appeal, the Tenth Circuit concurred with this view, and remanded the case on other grounds. *Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir.1983).

Similarly, in *Bruno v. Western Electric Company*, 618 F.Supp. 398, 406 (D.Colo. 1985), *aff'd in part and rev'd in part on other grounds*, 829 F.2d 957 (10th Cir. 1987), Judge Carrigan held:

> The necessity of a deposition should not be analyzed in a moment of crystal clarity induced by hindsight. Deposition costs should be allowed if the depositions 'were reasonably necessary when taken, even if not later used at trial.' [citations omitted]. In this day of increasing awareness of lawyer malpractice exposure, it is unfair to require that a deposition be taken to meet a standard of reasonable care in preparation, and then, after the trial, to characterize it as "unnecessary" because the conditions which made it necessary before no longer exist.

 We agree with the views expressed by Judge Kane and Judge Carrigan. Whether a deposition is necessary for use in a case under the provisions of § 1920 is not determined solely by whether the deposition was used at trial or in ruling upon pending motions.

 The deposition costs contested by plaintiff in this action were necessary in the preparation of Dr. Cobb's case. Dee Ross was the only named plaintiff in this matter. Thorough preparation in this complex case required the taking of her deposition. At various times, Brad Selgested and Dave Miller were the legal counsel for Mr. Rodas. The time periods when Mr. Rodas had legal representation and his attorneys' views on Mr. Rodas' capacity were relevant to issues in this case. Indeed, in denying plaintiff's motion for summary judgment, we noted that "Mr. Rodas and his attorneys were arguably ambivalent about Mr. Rodas' wishes to terminate treatment in June and July, 1986, ..." Memorandum Opinion and Order of December 31, 1987, 676 F.Supp. 1528, 1533. Thus, the depositions of Selgested and Miller were important for our determination of the case. Further, the deposition of Yazmin Griego, Mr. Rodas' sister, was necessary due to her threat to sue Hilltop if Mr. Rodas' wishes to terminate treatment were granted. Memorandum Opinion and Order of December 31, 1987, p. 12. Thorough trial preparation required an exploration of the litigious atmosphere surrounding Mr. Rodas' wish to terminate medical treatment, including taking the deposition of Griego.

Finally, the depositions of Dennis Stahl, Ronald Cronk, and Karen Kirchner were noticed and taken by the plaintiff. The costs for copies of depositions noticed by the non-prevailing party were necessary under the circumstances of this case. *See George R. Hall, Inc. v. Superior Trucking Company*, 532 F.Supp. 985, 995 (N.D.Ga. 1982).

### B. *Taxation of Hilltop's Costs*

 Plaintiff also moves for a review of the January 27, 1988 taxation of Hilltop's costs. Plaintiff asserts that $439.89 of the total amount awarded of $963.10 involve deposition costs which are not allowable under 28 U.S.C. § 1920(2). Plaintiff contends it should not be charged costs for the depositions of (1) Brad Selgestad; (2) David Miller; and (3) Yazmin Griego.

For the reasons previously stated, we find that the contested costs charged to plaintiff were necessary for use in the case.

Finally, plaintiff asserts that the Clerk awarded Hilltop $157.06 more for the cost of Mr. Selgestad's deposition than he awarded Cobb. Thus, Cobb had requested costs in the amount of $179.67 for Selgestad's deposition, while Hilltop requested $336.73. Plaintiff contends that the defendants each claimed they split the costs incurred for depositions taken. Hilltop does not address the issue in the response to plaintiff's motion. There appears to be no reasonable basis for awarding a higher amount for the Selgestad deposition to Hilltop. Therefore, Hilltop's award of costs for Selgestad's deposition is reduced by $157.06. Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to review taxation of costs of defendant Dr. William Cobb is DENIED.

2. Plaintiff's motion to review taxation of costs of defendant Hilltop Rehabilitation Hospital is GRANTED in PART. The January 27, 1988 Bill of Costs entered against plaintiff and in favor of Hilltop Rehabilitation Hospital is modified as follows:

(a) the costs incident to taking of depositions of $706.14 is reduced by $157.06 for a total of $549.08.

(b) the total costs to be assessed of $963.10 is reduced by $157.06 for a total of $806.04.

The motion is DENIED in all other respects.