James H. BURT, Joseph B. Hall, Martin A. Baloga, E. Clinton Drake, Michael H. Kennedy, Tom J. Ruddy, Herbert H. Taylor and Robert E. Wenk, Plaintiffs,

v.

MANVILLE SALES CORPORATION, Defendant.

Civ. A. No. 86–F–2546.

United States District Court, D. Colorado.

Aug. 2, 1988.

Curtis L. Kennedy, Denver, Colo., for plaintiffs.

Steven J. Merker, Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on plaintiffs' motion for judgment notwithstanding the verdict or, in the alternative, motion for a new trial and defendant's motion to review taxation of costs. The court has reviewed the parties' written submissions, the evidence adduced at trial and the applicable law. For the reasons stated below, plaintiffs' motion is DENIED. Defendant's motion is GRANTED IN PART.

### I.

This case is a class action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* A jury trial commenced on June 13, 1988. The jury returned a verdict for defendant on all claims on June 22, 1988. Plaintiffs move for a judgment notwithstanding the verdict on the ground the evidence strongly supported plaintiffs' position. Plaintiffs move for a new trial on the grounds the jury's verdict was against the weight of the evidence and the court erroneously excluded certain evidence.

We must view the evidence in the light most favorable to the party against whom a motion for judgment notwithstanding the verdict is made and give the opposing party all reasonable inferences from the evidence. Granting the motion is only proper when the evidence is so strong for one party that reasonable minds cannot differ as to the outcome. A motion of this kind "should be cautiously and sparingly granted." *Ryder v. City of Topeka*, 814 F.2d 1412, 1418 (10th Cir.1987).

Plaintiffs alleged they were subject to disparate treatment by defendant because of their ages. Plaintiff Taylor also brought a failure to rehire claim. This is a reduction-in-force case. Plaintiff must show the following to establish a prima facie case of age discrimination: (1) plaintiffs were within the protected age group; (2) they were adversely affected by the employment decisions; (3) they were qualified for the position; and (4) produce evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the employment decision. *Branson v. Price River Coal Co.*, 853 F.2d 768, 771 (10th Cir.1988).

Once plaintiffs have established a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. Plaintiffs must then demonstrate that age was more likely a determining factor in the employment decision or that the proffered reason is a pretext. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1542 (10th Cir.1987).

■ Defendant articulated legitimate, nondiscriminatory reasons for the employment decisions that were not rebutted by a showing of pretext. The termination decisions were made by plaintiffs' supervisors. The jury's verdict is established by the follwing evidence: plaintiffs Burt and Hall were terminated by Rosselot because Manville management asked him to attempt to streamline his department. Rosselot determined the functions performed by Burt and Hall were unnecessary or could be done more efficiently by absorbing their responsibilities into another position. Plaintiff Taylor's position overlapped with another employee's. Taylor's superior determined the other individual was more qualified. Plaintiffs Ruddy and Kennedy were financial analysts. Ed Brady, their immediate supervisor, determined some analyst positions were unnecessary. Ruddy and Kennedy received the lowest performance rankings in the department.

Plaintiff Wenk was terminated because he had no real job responsibilities and his position was not full-time. Plaintiff Baloga worked in the Residential Roofing department where defendant decided to eliminate four positions. Plaintiff Drake was terminated due to his attitude problems, quality of work and disruptive influence. Drake failed to show these reasons were a pretext for discrimination.

Plaintiffs have failed to sustain their burden of proof on this motion. There was ample evidence to support the jury's ver-

dict. For the same reasons, we deny plainttifs' motion for a new trial based on the weight of the evidence.

█ Plaintiffs also contend a new trial should be granted because of certain evidentiary rulings. Plaintiffs assert we erroneously permitted Manville to introduce evidence of its bankruptcy status, but denied them the opportunity to show Manville's profits. The profit figure was for a year following the termination decisions at issue in this case. This evidence was not relevant.

█ Evidence regarding separation payments to senior Manville executives was irrelevant and would have introduced collateral matters. The evidence was properly excluded under Fed.R.Evid. 403.

█ Plaintiffs also contend the court erred in excluding termination lists, new hire lists and a current openings list. At trial, a number of witnesses referred to these lists. We excluded the exhibits because they were lengthy and would have required considerable explanation. In addition, the exhibits had no particular relevance to the case.

█ The correspondence between plaintiff Kennedy and Manville was excluded because it was filled with self-serving statements with no probative value. Kennedy was able to testify to the totality of his employment, including his termination. Exclusion of this evidence did not prejudice plaintiffs.

The court excluded an organizational chart that included the ages of employees. The ages on this chart were added by plaintiff Baloga. Manville introduced this exhibit. We stand by our earlier ruling.

Exhibit 68 involved the "Truax incident." Plaintiff Taylor and Charles Hite both testified extensively about this incident. Any further evidence would have been merely cumulative. In addition, the exhibit only involved one plaintiff.

The court reaffirms its previous rulings on the Human Resources Development plans exhibits. Exhibits 57, 58 and 59 involved a high potential program in 1981.

This program was not in effect at the time the termination decisions were made. We exluded portions of Exhibits 60 and 63 because they were lengthy and required considerable explanation. The same information was conveyed through the parts of the exhibits admitted. Exhibit 69 concerned a long-range human resources development plan in 1982. Again, this exhibit would have required considerable explanation and was remote in time from the employment decisions at issue.

We find no grounds for granting a new trial. Plaintiffs' motion is DENIED.

## II.

Defendant seeks review of the Clerk of the Court's denial of certain travel expenses and denial of deposition costs. Defendant requested the cost of air travel of two of its witnesses. The Clerk only allowed the maximum mileage fee of $42.00.

Witness travel costs are limited to 100 miles of the place of trial absent "special circumstances." *Goodwin Brothers Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 734 (5th Cir.1979); *Simmons v. McLean Trucking Co.*, 100 F.R.D. 61, 64 (N.D.Ga. 1983). *See also Moe v. Avions Marcel Dassault–Breguet Aviation*, 727 F.2d 917, 936 (10th Cir.1984). We find no special circumstances exist in this case. The travel expenses are DENIED.

█ Defendant also sought the costs of taking plaintiffs' depositions. The Clerk excluded these costs on the ground they were not introduced into evidence at trial. 28 U.S.C. § 1920 permits recovery for the costs of taking, transcribing and copying depositions "necessarily obtained for use in the case." This statute authorizes recovery of deposition costs reasonably necessary to the litigation. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987). Costs can be obtained even if the depositions were not admitted at trial. *See Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir.1983). Whether a deposition is necessary for use in a case is not determined solely by whether the deposition was used at trial or in ruling upon pending motions. *Ross v. Hilltop Rehabil-*

*itation Hospital,* 124 F.R.D. 660, —— (D. Colo. 1988) (order on motions to review taxation of costs).

This case is a class action involving multiple claims. In order to properly prepare for trial and evaluate each of the individual plaintiff's claims, it was reasonable for defendant to depose each plaintiff. As Judge Kane and Judge Carrigan have previously noted, it is incongruous to expect counsel to reasonably prepare for litigation and then punish them if depositions are not actually admitted into evidence at trial. *See Bruno v. Western Electric Co.,* 618 F.Supp. 398, 406 (D.Colo.1985), *aff'd in part and rev'd in part on other grounds,* 829 F.2d 957 (10th Cir.1987); *Ramos v. Lamm,* 539 F.Supp. 730, 754 (D.Colo.1982), *remanded on other grounds,* 713 F.2d 546, 560 (10th Cir.1983). We find depositions of plaintiffs were reasonably necessary for defendant's preparation of this case. Accordingly, defendant is awarded deposition costs in the amount of $5,230.00.

ACCORDINGLY, plaintiffs' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial is DENIED. Defendant's motion for costs of travel expenses is DENIED. Defendant's motion for deposition costs is GRANTED.