Stephanie L. STAHL, Plaintiff,

v.

SUN MICROSYSTEMS, INC.,
a Delaware corporation,
Defendant.

Civ. A. No. 90–F–1203.

United States District Court,
D. Colorado.

Aug. 20, 1991.

Kathryn E. Miller, Miller & Leher, P.C., Robert J. Truhlar, Truhlar and Truhlar, Littleton, Colo., for plaintiff.

Steven J. Merker, Catherine S. Martinez, Davis, Graham & Stubbs, Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on plaintiff's Motion to Review Taxation of Bill of Costs, filed July 22, 1991. On June 19, 1991, the court entered judgment on a jury verdict in favor of plaintiff and against defendant on plaintiff's breach of contract and breach of express covenant of good faith and fair dealing claims. On June 27, 1991, judgment was entered in favor of defendant and against plaintiff on

plaintiff's Title VII claim. On June 28, 1991, plaintiff submitted her Bill of Costs requesting $10,102.60. After a hearing, the Clerk of the Court entered costs in the amount of $1,185.54. The Clerk of the Court disallowed costs pertaining to depositions, expert witness fees, exhibit enlargement, and witness fees. Plaintiff seeks review. For the following reasons, plaintiffs' Motion is granted in part and denied in part.

Deposition Costs:

 There is a presumption in favor of the award of costs. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987). When copies of depositions are reasonably necessary to the litigation, the resulting costs are generally allowable. *Id.* at 1551; *Ramos v. Lamm*, 713 F.2d 546, 560 (10th Cir.1983); *Lukowicz v. Comprecare Health Care Serv., Inc.*, No. 90–F–635, slip op. at 1–2 (D.Colo. March 6, 1991); *Federal Deposit Insurance Corp. v. Clark*, No. 88–F–647, slip op. at 2–3 (D.Colo. December 13, 1988); *Ross v. Hilltop Rehabilitation Hosp.*, 124 F.R.D. 660 (D.Colo.1988); *Bruno v. Western Electric Co.*, 618 F.Supp. 398, 406 (D.Colo.1985), *aff'd in part and rev'd in part on other grounds*, 829 F.2d 957 (10th Cir.1987). Where the deposition transcript is actually used at trial to impeach the witness, costs should be allowed. *See Herold v. Hajoca Corp.*, 864 F.2d 317, 322–23 (4th Cir.1988), *cert den.*, 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989). The depositions of Kathleen Childs, Ron Curtis, Neil Knox, and Darrell Waters were used at trial for impeachment purposes. Costs for these depositions should be allowed.

 The remainder of the depositions listed were not introduced as evidence or used to impeach. Depositions taken solely for discovery purposes are not taxable. *In re: Air Crash Disaster at Stapleton Internat'l Airport, Denver, Colorado, on November 15, 1987*, MDL No. 751, slip op. at 10 (D.Colo. July 24, 1989). Plaintiff has failed to prove that the depositions at issue were reasonably necessary to the litigation. Plaintiff does not indicate that any of the deposed individuals were beyond the subpoena power of the court or were otherwise unavailable to testify at trial. The depositions were not introduced into evidence at trial. The costs for these depositions were properly disallowed.

Expert Witness Fees:

 Plaintiff next seeks costs regarding expert witness Dr. Jane Lillydahl. Dr. Lillydahl was endorsed by plaintiff to testify to economic damages suffered. The court may not exceed the statutory limitation on expert witness fees contained in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 250 (1st Cir.), *cert. den.*, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Cleverock Energy Corp. v. Trepel*, 609 F.2d 1358 (10th Cir.1979), *cert. den.*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980); *In re: Air Crash Disaster*, slip op. at 5; *Fields v. Freedman*, 1988 WL 242557, 1988 U.S.Dist.Lexis 1611 (D.Kan.1988); *Schmid v. Frosch*, 609 F.Supp. 490, 493 (D.D.C. 1985). Further, the report prepared by Dr. Lillydahl does not fit into the 28 U.S.C. § 1920(4) exception for awarding of costs. *Frigiquip Corp. v. Parker–Hannifin Corp.*, 75 F.R.D. 605, 614 (W.D.Okla.1976). Plaintiff's request for expert fees is denied.

Enlargements:

 Plaintiff additionally seeks costs of enlargements of portions of the written policies of defendant. The enlargements were used for demonstrative purposes, but were not received into evidence. Copies of the original policies were marked as exhibits and were made available to the jury during deliberations. The enlargements were not necessary to a proper understanding of the issues in the case and were cumulative of the testimony and exhibits presented at trial. *Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 114 (D.Md.1989); *Robertson v. McCloskey*, 121 F.R.D. 131, 133 (D.D.C.1988). Plaintiff's request for costs of enlargements is denied.

Witness Rich Reynolds:

 Plaintiff lastly seeks to recover $96.80 in costs associated with Rich Reynolds. Mr. Reynolds was a co-employee of plaintiff. He was subpoenaed for trial, but did not testify. He was not present in court during the trial. No costs shall be allowed. *Wolfe v. Wolfe,* 570 F.Supp. 826, 829 (D.S.C.1983). *See* generally *Card v. State Farm Fire and Cas. Co.,* 126 F.R.D. 658, 661 (N.D.Miss.1989), *aff'd,* 902 F.2d 957 (5th Cir.1990); *Jackson v. Color Tile, Inc.,* 638 F.Supp. 62, 66 (N.D.Miss.1986), *aff'd,* 803 F.2d 201 (5th Cir.1986).

ACCORDINGLY, IT IS ORDERED that plaintiff's Motion to Review Taxation of Bill of Costs is GRANTED in part and DENIED in part. The Clerk of the Court is DIRECTED to file an Amended Bill of Costs in accordance with this Order.

The following deposition costs are to be allowed:

| | |
|---|---|
| Kathleen Childs | $508.14 |
| Ron Curtis | $921.73 |
| Neil Knox | $586.54 |
| Darrell Waters | $739.34 |