**Wallace L. SMITH, Jr., Plaintiff,**

v.

**Michael FRAZZINI, and the City and County of Denver, Defendants.**

**Civ. A. No. 90–F–298.**

United States District Court,
D. Colorado.

Nov. 5, 1991.

Richard P. Brentlinger, Inman, Erickson & Flynn, P.C., Denver, Colo., Michael V. Makaroff, Bailey & Makaroff, Lakewood, Colo., for plaintiff.

David J. Bruno, Janice K. Hollenbeck, Bruno, Bruno & Colin, P.C., Denver, Colo., for defendant Michael Frazzini.

Theodore S. Halaby, John T. Scherling, Halaby, McCrea & Cross, Denver, Colo., for defendant City and County of Denver.

ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Defendants' Motion to Review Taxation of Costs, filed October 23, 1991. Plaintiff has responded. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

I.

On September 30, 1991, the Court entered judgment on a jury verdict in favor of Defendant Frazzini and against Plaintiff. On October 10, 1991, Defendants submitted a Bill of Costs requesting $7372.77. After a hearing via telephone, the Clerk of the Court entered costs in the amount of $552.55. The Clerk of the Court disallowed

the following costs: the costs of court reporter services for the deposition of Plaintiff's police practices expert Robert J. di Grazia ($977.10), and all costs accruing after the offer of settlement that Plaintiff rejected ($5,843.12).

## II.

■■■ There is a presumption in favor of the award of costs. *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1550 (10th Cir.1987). When copies of depositions are reasonably necessary to the litigation, the resulting costs are generally allowable. *Id.* at 1551; *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir.1983); *Stahl v. Sun Microsystems, Inc.,* 139 F.R.D. 173 (D.Colo. 1991); *Lukowicz v. Comprecare Health Care Serv., Inc.,* No. 90–F–635, slip op. at 1–2 (D.Colo. March 6, 1991); *Federal Deposit Insurance Corp. v. Clark,* No. 88–F–647, slip op. at 2–3, 1988 WL 242653 (D.Colo. December 13, 1988); *Ross v. Hilltop Rehabilitation Hosp.,* 124 F.R.D. 660 (D.Colo.1988); *Bruno v. Western Electric Co.,* 618 F.Supp. 398, 406 (D.Colo.1985), *aff'd in part and rev'd in part on other grounds,* 829 F.2d 957 (10th Cir.1987). Where the deposition transcript is actually used at trial to impeach the witness, costs should be allowed. *See Herold v. Hajoca Corp.,* 864 F.2d 317, 322–23 (4th Cir.1988); *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989). Depositions taken solely for discovery purposes are not taxable. *Stahl v. Sun Microsystems, Inc.,* 139 F.R.D. 173 (D.Colo.1991); *In re: Air Crash Disaster at Stapleton Int'l Airport, Denver, Colorado, on November 15, 1987,* MDL No. 751, slip op. at 10, 1989 WL 259995 (D.Colo. July 24, 1989).

Plaintiff has not contested the fact that the deposition of Mr. di Grazia was used to impeach Mr. di Grazia during trial. Accordingly, costs incurred in connection with the di Grazia deposition should have been allowed.

## III.

■■■ Defendants urge the Court to award costs under Colo.Rev.Stat.Ann.

§ 13–17–202 (Bradford Supp.1991). Section 13–17–202 provides in pertinent part:

> Notwithstanding any other statute to the contrary, in any civil action of any nature commenced or appealed in any court of record in this state ... [i]f defendant makes an offer of settlement which is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

§ 13–17–202(1)(a)(II).

District courts are vested with discretion in awarding or disallowing costs to successful litigants. *Cleverock Energy Corp. v. Trepel,* 609 F.2d 1358, 1363 (10th Cir.1979), *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980); *Mikel v. Kerr,* 499 F.2d 1178, 1183 (10th Cir.1974). That discretion is limited by 28 U.S.C.A. §§ 1821 (West Supp.1991) and 1920 (West 1966 & Supp.1991). *See Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286, 1291–93 (10th Cir.1988).

The court in *Chaparral Resources* further noted that, in a diversity case, explicit state statutory authority for an award of costs would control. *Id.; see Furr,* 824 F.2d at 1550. In a bench ruling in *Maroksi, Inc. v. American Natural Gas Corp.,* No. 90–F–654 (D.Colo. December 5, 1990), the Court applied Colo.Rev.Stat.Ann. § 13–17–102 (Bradford 1987 & Supp.1991) in assessing the merits of a claim for attorney's fees in a diversity action.

In this case, Defendants argue that explicit statutory authority is found in Colo. Rev.Stat.Ann. § 13–17–202. As further support, Defendants cite *Bright v. Land O'Lakes, Inc.,* 844 F.2d 436, 444 (7th Cir. 1988). In *Bright,* 844 F.2d at 444, the Seventh Circuit applied a Wisconsin fee shifting statute in a diversity case, holding that 28 U.S.C.A. § 1821 did not restrict the state statute.

*Chaparral Resources, Bright,* and the Court's ruling in *Maroski* stand for the proposition that state statutes regarding the award of costs or fees to successful litigants control in *diversity* cases. The

instant case, however, raised a federal question under 42 U.S.C.A. § 1983 (West 1981). We conclude that federal provisions relating to cost and fee awards provide the rule of decision in federal question cases. Therefore, we find *Chaparral Resources* and *Bright* inapposite to this case. Accordingly, Defendants' motion for taxation of costs for all post-settlement offer expenditures is DENIED.

### IV.

ACCORDINGLY, IT IS ORDERED that Defendants' Motion to Review Taxation of Costs is GRANTED IN PART and DENIED IN PART The Clerk of the Court is DIRECTED to file an Amended Bill of Costs in accordance with this Order.

1) The Bill of Costs is to be AMENDED, and costs relating to the deposition of Robert di Grazia in the amount of $977.10 are to be ALLOWED.

2) The motion for taxation of costs incurred after Plaintiff's rejection of Defendants' offer of settlement in the amount of $5,843.12 is DENIED.