Erik GRIMES, Plaintiff,

v.

KINNEY SHOE CORPORATION,
Defendant.

No. S–7494.

Supreme Court of Alaska.

May 2, 1997.

John E. Casperson, Faulkner, Banfield,
Doogan & Holmes, Seattle, WA, for Plaintiff.

Scott J. Nordstrand, Owens & Turner, An-
chorage, for Defendant.

Before COMPTON, C.J., and
RABINOWITZ, MATTHEWS, EASTAUGH
and FABE, JJ.

## OPINION

RABINOWITZ, Justice.

### I. INTRODUCTION

This certification referral requires us to determine whether the Alaska Wage and Hour Act (AWHA), prior to its amendment in August 1995, permitted an award of attorney's fees and costs to a prevailing employer. We hold that it does not.

### II. FACTS AND PROCEEDINGS

From June 18, 1989, until May 4, 1991, Grimes was employed as a manager of Kinney Shoe Corporation's Footlocker store in the Sears Mall in Anchorage, Alaska. Grimes subsequently sued under the AWHA to receive overtime wages allegedly owed but not paid. The suit was tried in the United States District Court for the District of Alaska, based on that court's diversity jurisdiction. 28 U.S.C. § 1332. After trial Grimes' action was dismissed with prejudice in October 1995. The United States District Court's order of dismissal provided that "[t]he Company may recover its costs and attorney's fees."

In response to Grimes' motion for reconsideration, the United States District Court entered a Certification Order which reads in part:

Alaska Statute 23.10.110(c) specifically addresses the right of a prevailing plaintiff, but is silent regarding prevailing defendants. This statute has been amended to address this issue in part, but a significant number of cases are pending which will not be covered by the amended statute. Defendant therefore relies upon Alaska R. Civ. Proc. 82. Plaintiff argues that an award of fees against a plaintiff would violate Alaska public policy. There is no Alaska Supreme Court case on point, the analogous federal cases are distinguishable because there is no rule in federal practice similar to Rule 82, and the parties indicate

that the state superior court judges that have considered the issue have reached conflicting decisions.

(Footnotes omitted.) The United States District Court, acting pursuant to Appellate Rule 407, then certified the following question to this court:

May a defendant who prevails in an action brought by an employee to recover wages and penalties under AS 23.10.110 recover a partial attorney fee under Alaska R. Civ. Proc. 82 and its costs of action?

(Footnote omitted.) This court subsequently entered an order agreeing to answer the certified question.

### III. DISCUSSION

A. May a Defendant in an Action to Recover Wages under the AWHA Be Awarded Attorney's Fees and Costs Pursuant to Civil Rule 82 and Costs Pursuant to Civil Rule 79?

The AWHA provides that a prevailing plaintiff shall be awarded reasonable attorney's fees and costs. The version of AS 23.10.110(c) applicable to the wage claims asserted by Grimes provided:

The court in an action brought under this section shall, in addition to a judgment awarded to the plaintiff, allow costs of the action and reasonable attorney fees to be paid by the defendant. The attorney fees in the case of actions brought under this section by the commissioner shall be remitted by the commissioner to the Department of Revenue. The commissioner may not be required to pay the filing fee or other costs. The commissioner in case of suit has power to join various claimants against the same employer in one cause of action.

Until recently there was no provision in the AWHA authorizing awards of attorney's fees or costs to prevailing defendants.[1]

---

1. The 1995 amendments to AS 23.10.110 became effective on August 22, 1995. Subsections (d)-(h), which govern disposition of the attorney's fees issue, apply to "wages earned for hours worked on or after the effective date" of the Act. CSHB 115 § 4(c). Thus, in order for former AS 23.10.110(c) to apply, the employee's claims must relate to work performed before August 22, 1995. Grimes' lawsuit was based on hours he allegedly worked while managing Kinney's Footlocker store from June 18, 1989, until May 4, 1991. Therefore, as Kinney rightly concedes, the former statute is applicable.

■ Kinney argues that given the absence of statutory authority to the contrary, Civil Rule 82 allows an award of partial attorney's fees.[2] Grimes claims that Civil Rule 82 does not apply to prevailing defendants under the AWHA (i.e. AS 23.10.110(c) prior to its amendment in 1995).

One of Grimes' central arguments is that imposing the burden of Civil Rule 82 attorney's fees on nonprevailing plaintiffs would "create a 'chilling effect' on wage and hour claims and would frustrate the policy behind the AWHA by discouraging claimants from vindicating their rights." Grimes relies on our holding in *Whaley v. Alaska Workers' Compensation Board,* 648 P.2d 955 (Alaska 1982), to support this contention. At issue in *Whaley* was the applicability of Appellate Rule 508(e), governing fees in appeals involving the Alaska Workers' Compensation Act (AWCA). We concluded that in this context an attorney's fee award against an employee was improper absent a showing that the appeal was "frivolous, unreasonable, or brought in bad faith." *Id.* at 960.

In so holding, we reasoned in part as follows:

> To permit an appellate court to grant attorneys' fees to prevailing party-defendants without consideration of the underlying purpose of the Alaska Workers' Compensation Act, would severely undermine the effectiveness of the statute. The statute is designed to provide the most efficient, dignified, and certain means of determining benefits for workers sustaining work-connected injuries, and is to be liberally construed in favor of the employee ... [a] routine grant of attorneys' fees to employer-defendants would undermine the

purposes of the statute and severely limit a claimant's ability to seek appellate relief.

*Id.* at 959 (citation omitted).

Grimes argues that the reasoning of the *Whaley* court is "equally applicable" to the issue of Civil Rule 82 fees in the AWHA context. He notes that the policy underlying the AWHA is "strikingly similar" to that of the AWCA,[3] and asserts that allowing attorney's fees awards for AWHA prevailing defendants would similarly discourage employees from bringing meritorious claims, thus "undermin[ing] the purposes of the statute."

Kinney responds that Grimes's reliance on *Whaley* is misplaced, since the award of attorney's fees contemplated in that case was governed by Appellate Rule 508(e), which provides that attorney's fees may be allowed "in an amount to be determined by the court." Kinney argues that since the appellate rules "do not mandate an award of partial attorney's fees to the prevailing party, as does Civil Rule 82[,] *Whaley* has no application to the present case." (Footnote omitted.)

■ We view the fact that Appellate Rule 508(e) makes an award of attorney's fees discretionary and that Civil Rule 82 mandates an award of attorney's fees to the prevailing party as supporting Grimes' position. The fact that under Civil Rule 82 attorney's fees are presumptively awarded to the prevailing party indicates that the policy concerns expressed in *Whaley* are even more compelling in the AWHA context. In *Whaley* we viewed "a routine grant of attorneys' fees to employer-defendants" as possibly subverting the rationale behind the AWCA, even though Appellate Rule 508(e) allows a court to decline to make such an award.

---

2. Civil Rule 82 provides in part:

(a) **Allowance to Prevailing Party.** Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.

Civil Rule 79 provides for the taxation of certain litigation costs in favor of "a party entitled to costs." The prevailing party standard of Civil rule 82 is used to determine the party entitled to costs. *See Davis v. Hallett,* 587 P.2d 1170 (Alaska 1978). Both parties assume that Civil Rule 79 and Civil Rule 82 interact with AS 23.10.110(c)

in the same manner—although they disagree as to what that interaction is—and focus on Civil Rule 82. Agreeing with their assumption, we adopt the same focus.

3. The AWHA states that it is the policy of the statute to "safeguard existing minimum wage and overtime compensation standards that are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hour standards that do not provide adequate standards of living." AS 23.10.050(2).

Civil Rule 82, phrased "shall" as opposed to "may," does not give courts this discretion. Thus the "routine grant" scenario to which we alluded in *Whaley*, and on which we based our holding in part, is more certain to result in the AWHA context.[4]

In addition to reasoning by analogy, Grimes asserts that the AWHA reflects a comprehensive statutory scheme that plainly allows only plaintiffs to recover their costs and attorney's fees. Grimes persuasively argues that since the plain language of AS 23.10.110(c) covers "all aspects of employees' rights and their enforcement," including "costs of the action and reasonable attorney fees to be paid by the defendant," its omission of any reference to an attorney's fee award to prevailing defendants is telling.

Grimes notes that this distinction made in AS 23.10.110(c) between attorney's fees awards for prevailing employees and prevailing employers was sustained against a constitutional attack in *Bobich v. Stewart*, 843 P.2d 1232, 1238 n. 9 (Alaska 1992). There this court said:

> Bobich argues that because AS 23.10.110(c) awards attorney's fees to the plaintiff, but not the defendant, and because, allegedly, this rule lacks a rational basis, the provision thus violates the U.S. Constitution's Equal Protection Clause. *See* U.S. Const.

amend. XIV. This logic is faulty. The objective of AS 23.10.110, as Bobich himself understands it, is to encourage employees to press wage-and-hour claims. Essentially, Bobich's argument is not that the provision for attorney's fees is in itself an irrational means of achieving that goal, but that other provisions in the statute also achieve that goal. This position, however, is not sustainable as an argument against the law's reasonableness. The effectiveness of other statutory provisions in achieving an objective does not render one particular provision irrational.

 Grimes buttresses his arguments by reference to legislative intent as indicated by recent amendments to the AWHA.[5] AS 23.10.110(e) and (g).[6]

> The amendment provides for fees and costs to a prevailing defendant *only* in the event of a frivolous or bad faith claim. This amendment authorizes, for the first time, an award of fees and costs against a plaintiff in a wage and hour case. As noted by the legislative sponsors and the Attorney General, fees and costs were not recoverable under Alaska law before the amendment.[7]

(Footnote omitted.)

Kinney contends that although

decisions shed little light on the issues raised here.

Any contention that Civil Rule 82 is preempted because federal law does not allow for awards of attorney's fees in wage and hour cases is similarly misplaced. *See Webster v. Bechtel, Inc.*, 621 P.2d 890, 900 (Alaska 1980) (holding that the Fair Labor Standards Act does not preempt the AWHA).

7. Grimes's argument references an opinion letter from the Attorney General and the Sponsor Statement for HB 115. Kinney notes in response:

> While attorney general opinions are entitled to some deference in matters of statutory construction, they are not always correct. And this Court exercises independent judgment in matters of statutory and court rule interpretation. The Attorney General's opinion regarding the AWHA is just that, an opinion. And the commentary of the legislative sponsor of the amendments to AWHA is even less probative.

(Footnotes omitted.)

While Kinney is correct that this court exercises its independent judgment on matters of statu-

---

4. Civil Rule 82 accords trial courts broad discretion to award attorney's fees. Such awards are reviewable only for an abuse of discretion. *Kenai Lumber Co. v. LeResche*, 646 P.2d 215, 222 (Alaska 1982).

5. As noted above, these amendments were effective August 22, 1995, and do not apply to work performed before this date.

6. Grimes further states:

> The obvious legislative intent, acknowledged in *Bobich*, is to provide the employee who brings a wage and hour claim a further incentive to pursue it. Allowing the successful employer to recover fees and costs would obviously defeat this policy.

> He also notes that the Sixth Circuit considering a comparable provision of the Fair Labor Standards Act in *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir.1994), *cert. denied*, 513 U.S. 875, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994), concluded that defendants were not entitled to attorney's fees under the statute. However, as Kinney suggests, since the federal courts have no Alaska Civil Rule 82 equivalent, *Fegley* and other federal

the AWHA provides a prevailing plaintiff with enhanced rights with respect to recovery of attorney's fees, as compared to Civil Rule 82 ... there is nothing in former AS 23.10.110(c) which either expressly or impliedly prohibited a partial fee award to a prevailing defendant under Civil Rule 82. Reading Civil Rule 82 and the AWHA, so as to give effect to both, compels the conclusion that Civil Rule 82 attorneys fees are available to a prevailing defendant in an AWHA claim under former AS 23.10.110.

With respect to Grimes' assertion that allowing prevailing employers to recover attorney's fees under Civil Rule 82 would somehow frustrate the policy embodied in the AWHA, Kinney argues that prevailing plaintiffs "still benefit from the express provisions of the AWHA which allow them to recover reasonable actual fees. Defendants recover only partial fees if they prevail." The essence of Kinney's argument is that "[a]llowing prevailing defendants to recover attorney's fees under the AWHA, in accordance with Civil Rule 82, allows balanced fulfillment of the purposes served by both the AWHA and Civil Rule 82." [8] On the other hand, in the circumstance where a comprehensive statute specifically provides that prevailing wage claimants are to be awarded reasonable attorney's fees and costs but lacks a parallel provision providing for prevailing defendants

to be awarded attorney's fees and costs, the notion of balanced fulfillment of the purposes served by both the AWHA and Civil Rule 82 is inapposite.

It is the function of this court to interpret AS 23.10.110(c)—not to balance the statute and Civil Rule 82. Based on analogous case law and the plain language of AS 23.10.110(c), we hold that a prevailing defendant in an AWHA action to recover wages is not entitled to an award of attorney's fees and costs under former AS 23.10.110(c), nor is a prevailing defendant entitled to an award of attorney's fees under Civil Rule 82.

B. *Does the Fact that Grimes' Suit Was Brought in the United States District Court Pursuant to Its Diversity Jurisdiction Mandate that Costs May Be Assessed against a Losing Plaintiff by the Federal Court?*

Based on 28 U.S.C. § 1920 [9] and Federal Rule of Civil Procedure 54,[10] Kinney argues that costs may be assessed against a losing plaintiff in an AWHA action brought in federal district court pursuant to its diversity jurisdiction. The federal district court certified the question of costs as well as attorney's fees to this court. Since we have construed former AS 23.10.110(c) as allowing an award of attorney's fees and costs to prevailing plaintiffs only, the remaining question is whether a federal district court can

tory interpretation, Kinney rightly concedes that this court may properly consider the opinions of both the AWHA's legislative sponsor and the Attorney General for guidance. In this context the weight accorded these opinions is largely in this court's discretion. *See Torkko/Korman/Engineers v. Penland Ventures*, 673 P.2d 769 (Alaska 1983); *Hafling v. Inlandboatmen's Union of the Pacific*, 585 P.2d 870 (Alaska 1978) (the legislature is presumed to be indicating a substantive change in the law when it amends a statute).

8.  Kinney further notes that Civil Rule 82 applies in many contexts where a claim is brought to vindicate the rights of workers. *See Van Huff v. Sohio Alaska Petroleum Co.*, 835 P.2d 1181, 1189 (Alaska 1992) (Civil Rule 82 applies to prevailing employer in wrongful discharge action); *Alaska State Fed'n of Labor v. State, Dep't of Labor*, 713 P.2d 1208, 1212 (Alaska 1986) (Civil Rule 82 applies to claims seeking application of prevailing wage act).

9.  Section 1920 provides:

**Taxation of costs.** A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

10. Federal Rule of Civil Procedure 54(d) indicates that generally costs shall be allowed as a matter of course to the prevailing party.

nonetheless award costs to a prevailing AWHA defendant pursuant to applicable federal law. We conclude that the AWHA, rather than the federal statue and rule, governs the award of costs.

In *Bright v. Land O'Lakes, Inc.,* 844 F.2d 436 (7th Cir.1988), the Seventh Circuit held that a Wisconsin statute authorizing fee shifting of actual costs to prevailing plaintiffs is not preempted by federal law limiting the amount of allowable expert witness fees. The court acknowledged that the general rule allows applicable federal law to set a limit on recoverable fees but held that, where a state statute expressly authorizes a full shift of fees, state law governs actions brought in federal court.

In *Freeman v. Package Machinery Co.,* 865 F.2d 1331 (1st Cir.1988), the First Circuit similarly held that a Massachusetts statute allowing for cost-shifting in employment discrimination suits applies to an action in federal court, despite federal law to the contrary. The *Freeman* court stated that "the cost-shifting envisioned by [the state law] constitutes part of the substantive remedy created by state law, and applies when a federal court, having obtained jurisdiction, proceeds to hear and determine the state-law claim." *Id.* at 1348. The court continued:

> The statutory wording itself, the discretion invested by state statutes which are in pari passu with the cost-shifting provision, and the judicial gloss placed upon the language ... combine to import into the substantive state-law remedy an element of flexibility, both as to entitlement and amount.... A federal court empowered to determine a statelaw claim (whether by reason of diversity, pendent jurisdiction, or otherwise) must be accorded [the] same degree of flexibility [accorded to state courts hearing the same claim].

*Id.* (citations omitted).

The *Freeman* court rejected the applicability of precedent which holds that in a routine diversity case, federal law governs the taxation of costs in federal district court. *Bosse v. Litton Unit Handling Sys.,* 646 F.2d 689 (1st Cir.1981). *See Conte v. Flota Mercante Del Estado,* 277 F.2d 664 (2d Cir.1960); *Erving Paper Mills v. Hudson–Sharp Mach.*

*Co.,* 271 F.Supp. 1017 (E.D.Wisc.1967). The court noted that "[t]hese cases are inapposite where, as here, the prevailing party's entitlement is not dependent upon a state procedural provision of general applicability, but rather is an integral part of the substantive state-law remedy for a particular wrong." *Id. See also Smith v. Frazzini,* 139 F.R.D. 677 (D.Colo.1991) (state statutes regarding award of costs or attorney's fees to successful litigants control in diversity cases; federal provisions relating to costs and attorney's fee awards control in federal question cases).

## IV. *CONCLUSION*

A defendant who prevails in an action brought by an employee to recover wages and penalties pursuant to Alaska's AWHA may not, under either former AS 23.10.110(c) or Civil Rule 82, recover costs or attorney's fees.