**Kenneth W. GORE, Individually and as Class Representative, Appellant,**

v.

**SCHLUMBERGER LIMITED and Schlumberger Offshore Services, a Division thereof, Appellees.**

No. S–462.

Supreme Court of Alaska.

Aug. 2, 1985.

Michael A. Barcott, Richard B. Brown, James B. Pentlarge, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellant.

John B. Abercrombie, Ramon P. Marks, James M. Seedorf, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Justice.

The question presented in this case is whether punitive damages may be awarded for a willful violation of the Alaska Wage and Hour Act, AS 23.10.050–23.10.150. The superior court answered this question in the negative, entered a partial judgment dismissing appellant's claim for punitive damages, and executed the certificate required by Civil Rule 54(b). We affirm.

The Alaska Wage and Hour Act prescribes with comprehensive specificity the remedies available for its violation. An employee may recover his unpaid minimum wages or unpaid overtime compensation, and an identical sum as liquidated damages.[1] Reasonable attorney's fees are afforded.[2] The Commissioner of Labor may

---

**1.** AS 23.10.110(a) provides:

An employer who violates a provision of AS 23.10.060 [payment of overtime] or 23.10.065 [minimum wages] is liable to an employee affected in the amount of his unpaid minimum wages, or unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

**2.** AS 23.10.110(c) provides:

The court in an action brought under this section shall, in addition to a judgment awarded to the plaintiff, allow costs of the action and reasonable attorney fees to be paid by the defendant. The attorney fees in the case of actions brought under this section by the commissioner shall be remitted by the commissioner to the

obtain injunctive relief [3] and criminal penalties may be imposed of not less than $100 nor more than $2,000, or imprisonment for not less than ten nor more than ninety days, or both.[4] The comprehensiveness of this remedial system implies that the legislature did not intend to allow further unenumerated remedies. *See* 2A Sands *Sutherland Statutory Construction* § 47.23 (4th Ed.1984).

Especially telling is the fact that liquidated damages are provided for in the statute. Such damages in the act are a type of punitive damages, not, as in other contexts, a substitute for compensatory damages. To allow punitive damages in addition to liquidated damages would be to exceed, in essence, the limitations imposed on the amount of liquidated damages. By contrast, the statutory system involved in *Loomis Electronic Protection, Inc. v. Schaefer*, 549 P.2d 1341 (Alaska 1976), in which we held that punitive damages may be awarded, did not provide for liquidated damages and contained a general statement, not present in the Wage and Hour Act, that the court could award any relief that was appropriate.

Our determination resembles that which we made in *Alyeska Pipeline Service Company v. Anderson*, 629 P.2d 512 (Alaska 1981), where the trial court had dismissed a punitive damages claim, but allowed a claim for "harsh" trespass damages. Under the "harsh" rule, a willful trespasser who takes minerals from the land of another is assessed the value of the converted minerals without a deduction for mining costs. The "harsh" rule is thus partially punitive in nature because it

awards the victim more than he has lost. We agreed with the trial court's decision not to allow both punitive and "harsh" damages:

> [W]e are persuaded that it would have been inappropriate to have allowed the jury the option of awarding both harsh damages for Alyeska's trespass and conversion and punitive damages. Given the general policy that punitive damages are not favored and are to be awarded with caution and within narrow limits, we hold that harsh trespass-conversion damages should be the only form of damages recoverable in the case at bar.

*Id.* at 530–31 (footnote omitted).

The result which we reach is consistent with the interpretation which courts have given the federal Fair Labor Standards Act, which also provides for liquidated damages. *See King v. J.C. Penney Company Inc.*, 58 F.R.D. 649 (N.D.Ga.1973).

The appellant argues that even if he is not entitled to punitive damages under the Wage and Hour Act, he is entitled to them under contract theory. His argument is that the provisions of the Wage and Hour Act are incorporated into all employment contracts in the state and that if a contract is willfully violated punitive damages should be available. We reject this argument, for if the statute is a part of every contract, so are its limitations.

The judgment is AFFIRMED.

---

Department of Revenue. The commissioner may not be required to pay the filing fee or other costs. The commissioner in case of suit has power to join various claimants against the same employer in one cause of action.

**3.** AS 23.10.115 states:

> If it appears to the commissioner that an employer is engaged in an act or practice which violates or will violate a provision of AS 23.10.-050–23.10.150 or of a regulation adopted under these sections, the commissioner may bring an action in a competent court to enjoin the act or practice, and to enforce compliance with AS

23.10.050–23.10.150 or with the regulation. Upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond.

**4.** AS 23.10.140 states:

> An employer who violates a provision of AS 23.10.050–23.10.150, or of any regulation or order of the commissioner issued under it, upon conviction is punishable by a fine of not less than $100 nor more than $2,000, or by imprisonment for not less than 10 nor more than 90 days, or by both. Each day a violation occurs constitutes a separate offense.