Joseph McKEOWN, Kevin Anderson, Terrance Smith and Robert Boyer, Petitioners,

v.

KINNEY SHOE CORPORATION, d/b/a Kinney Shoes, Footlocker and Lady Footlocker, Respondents.

No. S–4024.

Supreme Court of Alaska.

Nov. 15, 1991.

---

David E. Grashin, David Grashin & Assoc., Anchorage, John E. Casperson, Faulkner, Banfield, Doogan & Holmes, Seattle, for petitioners.

William F. Mede, Scott J. Nordstrand, Owens & Turner, Anchorage; for respondents.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This case requires us to decide whether an employer and an employee may privately settle claims for liquidated damages arising under the Alaska Wage and Hour Act. We conclude that they may not.

## I

Four individual plaintiffs brought class action wage and hour claims against Kinney Shoe Corporation. The claims were brought on behalf of six classes of past and present Kinney employees. All of the claims alleged violations of the Alaska Wage and Hour Act (AWHA), AS 23.10.-050–.150; four of the classes represented were past and present employees to whom Kinney allegedly had not paid overtime wages required by the AWHA.

On March 1, 1990, the superior court set oral argument on class certification for April 25, 1990. On April 4, 1990, Kinney sent individual settlement offers to putative class members. The offers proposed monetary settlements tailored to compensate each recipient for his or her specific unpaid wages. In return, Kinney demanded waiver of "any rights [the recipient] might have against Kinney ... for all of the claims which were or could have been asserted in the class action lawsuit." Kinney made clear in its settlement offers that the class action lawsuit sought "recovery of, among other things, unpaid overtime, bonuses and certain deductions from paychecks." Some of the solicited employees or ex-employees chose to accept Kinney's offer.

One day before oral argument on certification, petitioners moved to have the superior court declare void the private settlements that some putative class members had entered into with Kinney. The superior court decided to review the private settlement issue in detail before ruling on class certification. Further briefing and oral argument followed. Finally, on June 18, 1990, the superior court both certified the classes and denied petitioners' motion to declare void Kinney's private settlement agreements with putative class members. This court subsequently granted plaintiffs' petition for review on the question whether the superior court erred by not declaring the settlement agreements void.

## II

■ The class action lawsuit underlying the present appellate review involves a va-

riety of statutory claims. Kinney's settlement offers attempted to encompass all of those asserted claims. Consequently, petitioners initially asserted multiple challenges to the validity of the settlements. Both parties, however, focus here upon a single question. We likewise limit the scope of our review to the same narrow issue: whether an employer's private settlement of a claim for unpaid overtime and liquidated damages under the AWHA is injurious to interests of the public and, therefore, void on the grounds of public policy. 14 S. Williston, *A Treatise on the Law of Contracts* § 1629, at 8 (W. Jeager, 3d ed. 1972).

The stated policy behind the AWHA is to protect "the health, efficiency, and general well-being of workers." AS 23.10.050(2). To that end, an employer who fails to pay overtime as required by AS 23.10.060 faces several possible civil and criminal penalties.[1] The civil penalty most pertinent to this case is the provision in the AWHA for liquidated damages in the amount of actual unpaid overtime and "an additional equal amount." AS 23.10.110(a). "Such damages in the act are a type of punitive damages, not, as in other contexts, a substitute for compensatory damages." *Gore v. Schlumberger Ltd.*, 703 P.2d 1165, 1166 (Alaska 1985).

As our opinion in *Gore* indicated, the liquidated damages provision of AWHA is intended to further the policy behind the AWHA by punishing the violating employer. *See id.* Accordingly, when an employer violation is established, "liquidated dam-

ages ... must be granted as a matter of law." *Alaska Int'l Indus., Inc. v. Musarra*, 602 P.2d 1240, 1249 (Alaska 1979); *see also* AS 23.10.110(a) (a violating employer "*is liable*" for liquidated damages) (emphasis added). One inherent characteristic of this punitive scheme, of course, is that an employer's violation often must be established by private action. If the employer entices the private actor—the unpaid employee—to settle a legitimate claim, a violating employer may then escape without an adjudication of liability and without punitive sanction. An interpretation of the AWHA that would permit such escape countermands the very purpose of the liquidated damages provision. If the liquidated damages available under the AWHA were meant mainly to compensate the wronged employee, one might reasonably argue that compromise or settlement by the wronged employee might be appropriate. Because the liquidated damages are not compensatory, an employee's capacity to compromise or settle for a lesser amount should be extremely restricted. *Accord* 3 N. Singer, *Sutherland Statutory Construction* § 59.05 (C. Sands 4th ed. 1978) (punitive laws pertaining to public health and safety must be given "substantial effect"—especially "where penalties are recoverable in civil actions prosecuted by private individuals").

We note that further support for prohibiting employee settlement of AWHA claims without judicial approval appears in the federal courts' interpretation of the Fair Labor Standards Act (FLSA).[2] The

---

1. As we previously have explained:
    The [AWHA] prescribes with comprehensive specificity the remedies available for its violation. An employee may recover his unpaid minimum wages or unpaid overtime compensation, and an identical sum as liquidated damages. Reasonable attorney's fees are afforded. The Commissioner of Labor may obtain injunctive relief and criminal penalties may be imposed of not less than $100 nor more than $2,000, or imprisonment for not less than ten nor more than ninety days, or both. The comprehensiveness of this remedial system implies that the legislature did not intend to allow further unenumerated remedies.
    *Gore v. Schlumberger Ltd.*, 703 P.2d 1165, 1165–66 (Alaska 1985) (footnotes omitted).

2. We have recognized that the AWHA is based on the Federal Labor Standards Act of 1938 (codified as amended at 29 U.S.C. §§ 201–219 (1988)). *E.g.*, *Webster v. Bechtel, Inc.*, 621 P.2d 890, 895 (Alaska 1980). The two Acts are not identical, however. *See id.* (AWHA imposes on employers a *higher* standard of overtime pay than does federal law). And, of course, federal court interpretations of the FLSA are not binding on Alaska court interpretations of the AWHA. *See Dresser Indus., Inc. v. Alaska Dep't of Labor*, 633 P.2d 998, 1002 (Alaska 1981), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982). However, we have found the federal court interpretations of the FLSA helpful in interpreting consistent aspects of the AWHA. *See, e.g., Gore*, 703 P.2d at 1166.

traditional federal rule prohibits compromise or release of liquidated damages liability under the FLSA on the theory that such agreements "will tend to nullify the deterrent effect which Congress plainly intended [the liquidated damages provision] should have." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 710, 65 S.Ct. 895, 903, 89 L.Ed. 1296 (1945). "To allow contracts for waiver of liquidated damages approximates situations where courts have uniformly held that contracts tending to encourage violation of laws are void as contrary to public policy." *Id.* Having reviewed recent federal precedent on this point, we believe that under federal law the settlements in the present case would be void, for much the same reason that we find them void under Alaska law. *See generally Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–54 (11th Cir. 1982).[3]

In sum, permitting private settlement of liquidated damages claims under the AWHA is contrary to the strong policy behind the AWHA and its liquidated damages provisions. We thus conclude that the superior court erred by not declaring void the settlements in this case, insofar as the settlements purported to compromise AWHA claims for unpaid overtime.

### III

■ Finally, Kinney argues that if the settlements in this case are found to be void, then the employees who have received settlement payments from Kinney must tender back those payments before they may join the class action lawsuit here. Kinney's argument principally relies upon our decision in *Thorstenson v. Arco Alaska, Inc.*, 780 P.2d 371, 375 (Alaska 1989). There we wrote that "[t]ender of the benefits received under an agreement is ordinarily a prerequisite to an action at law for rescission of the agreement." *Id.*

Petitioners' argue in response that *Thorstenson* does not control here. Petitioners' note that they moved the superior court not for rescission of the settlement agreements, but for an order declaring the agreements void *ab initio* as violative of public policy. Thus, according to petitioners, the tender-back requirement recognized in *Thorstenson* has no application on these facts. We agree with petitioners.

■ An action to have an agreement declared void as violative of a statute or of public policy is an entirely different action than one for rescission. Rescission is an equitable remedy that abrogates, annuls, or unmakes a contract entered into through mistake, fraud, or duress. *Dreiling v. Home State Life Ins. Co.*, 213 Kan. 137, 515 P.2d 757, 767–68 (1973). A void agreement, on the other hand, never attains legal effect as a contract. 1 A. Corbin, *Corbin on Contracts* § 7 (1963); *see also Currington v. Johnson*, 685 P.2d 73, 78 (Alaska 1984). As a result, the tender-back requirement that may arise as a prerequisite to an action for rescission has no relevance in an action to declare an agreement void. Thus, assuming they are otherwise qualified, the potential class members who entered into settlement agreements with Kinney now may join the class action lawsuit without first tendering back any settlement money received.[4]

The superior court order denying petitioners' motion to declare void Kinney's settlement agreements with potential class members is VACATED. The superior court is instructed to enter an order declaring all settlements in this case void, insofar as they purport to compromise claims for unpaid overtime under the Alaska Wage and Hour Act.

---

3. We recognize that the FLSA permits nonprivate settlements, supervised by the Secretary of Labor or the district court. *See* 29 U.S.C. § 216 (1988); *see also Lynn's Food Stores*, 679 F.2d at 1353–54. We have discovered no federal decisions, however, that have adopted any exceptions to the prohibition against private settlements of an FLSA claim. *See, e.g., Lynn's Food Stores*, 679 F.2d at 1353 n. 9.

4. Of course, Kinney may offset damages ultimately awarded to particular employees by any amount that it has already paid to those employees in its attempt to settle their claims.