Lynelle DeSALVO, Richard McCreadie, Stuart Morlang through his mother and sole heir, Lois Morlang, Joseph D. Weise, and Ruby L. White, Appellants,

v.

Thomas K. BRYANT, William R. Lytle, and Mascot Mining, Inc., Appellees.

No. S–9827.

Supreme Court of Alaska.

Feb. 15, 2002.

**16.**  *See Mortvedt v. State, Dep't of Natural Resources,* 858 P.2d 1140, 1143 n. 7 (Alaska 1993).

John E. Havelock, Law Offices of John E. Havelock, Anchorage, for Appellants.

Charles E. Cole, Law Office of Charles E. Cole, Fairbanks, for Appellees.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

In 1996 five people began working at a mining operation near the Dalton Highway. Irregularly paid, they filed suit a year later against three people involved with the mining operation, one or more of whom may have been their employer. Two years after that, in 1999, without telling their attorney, they privately entered into settlement agreements purportedly releasing all involved from further liability stemming from their employment. When he learned what his clients had done, the employees' attorney moved for dismissal of the case with prejudice and asked for attorney's fees in the amount of one-third of the recovery (the fees apparently to be paid by the defendants). The trial court dismissed the case with prejudice but denied the application for fees.

Because the Alaska Wage and Hour Act may be implicated by some of the plaintiffs' claims, private settlement of those issues could be precluded by statute. Furthermore, the superior court must determine whether an award of attorney's fees is appropriate. We therefore remand the case to the superior court to determine whether the plaintiffs and defendants fall under the Wage and Hour Act and to determine if an award of attorney's fees to the employees is proper.

## II. FACTS AND PROCEEDINGS

Around May of 1996, Lynelle DeSalvo, Ruby L. White, Richard McCreadie, Stuart Morland, and Joseph Weise (the employees) were hired to work on mining claims in the Chatman Creek area of the Dalton Highway

for the 1996 mining season under the authority of Thomas Bryant. At or around the time of hire, the employees entered into wage agreements with Thomas Bryant, William Lytle, or Mascot Mining (Mascot), the terms of which are disputed. The employees, entitled to pay at least once a month pursuant to AS 23.05.140, were not regularly paid.

On June 12, 1997, the employees, represented by Attorney John E. Havelock, filed suit in superior court alleging violations of AS 23.10.015 (false representations to procure employment), AS 23.05.140(b)-(d) (failure to timely pay wages due), AS 23.10.060 (failure to render payment for overtime under the Alaska Wage and Hour Act), and fraud. Each plaintiff had a claim for false representations, failure to timely pay wages due, and fraud. McCreadie, Morlang, and Weise, in addition, claimed overtime pay and damages in an amount equal to the amount of unpaid overtime.

Bryant and Mascot Mining, represented by Attorney Charles E. Cole, filed answers in October and December, respectively, of 1997. The next spring, plaintiffs filed proof of service by publication for Lytle. In June and July 1999, without notifying Havelock, the employees signed settlement agreements releasing Lytle "and all his associates" from any claims arising from their employment at the mine. The settlements were entered without the benefit of counsel on either side.

In February 2000 the superior court granted Bryant and Mascot's motion for leave to amend their respective answers to assert the defense of settlement and compromise. In May 2000 John Havelock, the employees' attorney, discovered the employees' settlement when Charles Cole, counsel for Bryant and Mascot, furnished copies of checks and documents indicating that each plaintiff had been paid an amount in settlement of their claims that satisfied each individual.

Each employee apparently received an amount equal to or approximating his or her claim for net back wages. Unable to contact his clients, Havelock filed a motion to dismiss with a grant of plaintiffs' attorney's fees. He established in his supporting affidavit that he had entered into a costs plus one-third contingent fee arrangement with each of the employees. Havelock concluded his affidavit by stating that because the total amount of money paid to the employees was $34,189, he would be entitled to $11,396 under the one-third contingency fee agreement.[1]

On July 14, 2000, Cole filed an opposition on behalf of "Defendants, and each of them," apparently causing Havelock to assume that Cole represented the missing defendant, Lytle, who had never answered the complaint after being served by publication. On July 21, 2000, an order granting plaintiffs' motion to dismiss with prejudice and denying the award of attorney's fees was entered by the superior court.

On July 24, 2000, not having received notice of the dismissal, Havelock filed a reply to Cole's opposition to his motion, attaching as exhibits the forms signed by each individual employee or employee's representative. Each release set out the amount of money received in these words (spelling and punctuation as in originals):

> On This _____ day of June 1999 I have received the summer of _____ Dollars from Mr. Willam Lytel for Worked Performed for Mr. Lytel In the summer of 1996 In Alaska At his mining operation. With my sigutuner on this document I relice Mr.Lytel and all his associates of all obligations to me in regard to this mater.

Though he sought and was given leave to file a motion for reconsideration, Havelock instead appealed the dismissal and denial of fees to this court.

## III. STANDARD OF REVIEW

■ We review a trial court's decision to dismiss with prejudice under an abuse of discretion standard.[2] An abuse of discretion

---

1. The one-third contingency fee agreement called for attorney's fees to be paid by each plaintiff out of each plaintiff's recovery. Havelock's motion, however, called for the defendants to pay $11,396 directly to Havelock and *in addition to* the settlement amounts already paid to plaintiffs.

2. *Arbelovsky v. Ebasco Servs., Inc.*, 922 P.2d 225, 227 (Alaska 1996) (citations omitted).

is found only "when we are left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling." [3]

## IV. DISCUSSION

### A. The Superior Court Should Have Considered Whether the Employees' Claims Could Be Privately Settled under the Alaska Wage and Hour Act.

[3] Generally, " '[s]ound judicial policy indicates that private settlements and stipulations between the parties are to be favored and should not be lightly set aside.' " [4] In such cases, an action may be voluntarily dismissed by the plaintiff by filing a stipulation of dismissal by all parties who have appeared in the action. [5] Or, a court may dismiss an action upon the plaintiff's motion where there are such terms and conditions as the court deems proper. [6]

In certain instances, though, the legislature has indicated that private settlements are disfavored; in such cases, the legislature has required court supervision. Overtime claims under the Alaska Wage and Hour Act

(AWHA) fall into this category. AWHA was enacted to establish new and safeguard existing minimum and overtime wage standards for workers to promote their health, efficiency, and general well-being. [7]

■ The employees' causes of action for fraud, false representations of employment, and failure to timely pay wages due do not fall under AWHA. These actions, therefore, could be privately settled for any amount, or for nothing.

■ McCreadie, Morlang, and Weise, though, pled a cause of action under AS 23.10.060, for failure to pay overtime. Alaska Statute 23.10.060 is part of AWHA. A settlement of such a claim requires the approval of the court or the Alaska Department of Labor. [8] If such approval is not obtained, an employee is entitled to liquidated damages unless the employee expressly waives the right to receive liquidated damages. [9] Such a private written settlement is subject to the review of the department, which may approve it if it is fair to the parties involved. [10] Settlement agreements entered into after August 21, 1995 that are not approved by the

---

3. *Peter Pan Seafoods, Inc. v. Stepanoff*, 650 P.2d 375, 378–79 (Alaska 1982).

4. *Henash v. Ipalook*, 985 P.2d 442, 450 (Alaska 1999) (quoting *City and Borough of Sitka v. Construction and Gen. Laborers Local 942*, 644 P.2d 227, 234 n. 18 (Alaska 1982)).

5. *See* Alaska R. Civ. P. 41(a)(1).

6. *See* Alaska R. Civ. P. 41(a)(2).

7. *See* AS 23.10.050.

8. AS 23.10.110(j) states:

In a settlement for unpaid overtime compensation that is not supervised by the department or the court, an employee is entitled to liquidated damages under (a) of this section unless the employee and employer enter into a written settlement agreement in which the employee expressly waives the right to receive liquidated damages. A private written settlement agreement under this subsection is not valid unless submitted to the department for review. The department shall review the agreement and approve it if it is fair to the parties. The department shall approve or deny an agreement within 30 days of receipt. A waiver of

liquidated damages may not be a condition of employment.
*See also McKeown v. Kinney Shoe Corp.*, 820 P.2d 1068 (Alaska 1991) ("Permitting private settlement of liquidated damages claims under AWHA is contrary to the strong policy behind AWHA and its liquidated damages provisions.").

9. AS 23.10.110(a) states:

An employer who violates a provision of AS 23.10.060 or 23.10.065 is liable to an employee affected in the amount of unpaid minimum wages, or unpaid overtime compensation, as the case may be, and, except as provided in (d) of this section, in an additional amount as liquidated damages.
AS 23.10.110(d) states:
In an action under (a) of this section to recover unpaid overtime compensation or liquidated damages for unpaid overtime, if the defendant shows by clear and convincing evidence that the act or omission giving rise to the action was made in good faith and that the employer had reasonable grounds for believing that the act or omission was not in violation of AS 23.10.060, the court may decline to award liquidated damages or may award an amount of liquidated damages less than the amount set out in (a) of this section.

10. *See* AS 23.10.110(j).

court or the department are expressly rendered unenforceable.[11] In privately settling claims under this section, therefore, parties are required to follow the procedures set out in AS 23.10.110(a) and (j).

The trial court's failure to determine whether the settlement and release entered into by McCreadie, Morlang, and Weise implicated AWHA is understandable. The employees did not make clear that they were pursuing a cause of action under AWHA or what the court's responsibility was under the act. The complaint contained only a single reference to "AS 23.10.060" in a heading, but that reference was without any discussion, and the complaint made no reference to the procedures AWHA mandates. And the single statute mentioned, AS 23.10.060, itself contains no reference to the provisions of AWHA that require court involvement in approving settlements.[12]

In sum, DeSalvo and White may privately settle their claims because the claims fall outside AWHA, but as to McCreadie, Morlang, and Weise, the trial court must make factual findings as to whether AWHA applies to their claims. This includes findings as to whether Lytle is a defendant in the case against whom judgment can be entered,[13] whether the defendants were employers under AWHA,[14] and whether the plaintiffs fall under one of the exceptions to AWHA.[15] If AWHA does apply, the superior court must review the statutory causes of action.[16]

## B. If AWHA Does Not Apply, the Superior Court Should Consider Whether the Catalyst Theory Supports an Imposition of Attorney's Fees under Rule 82.

■ Regardless of AWHA's application to the employees' claims, we conclude that the courts should not participate in denying Havelock compensation as the result of the questionable conduct of Lytle, Bryant, or Mascot in settling the employees' claims behind counsel's back.

Under Rule 82(a), prevailing parties in a civil case shall be awarded attorney's fees.[17]

11. *Alyeska Pipeline Serv. Co. v. Shook,* 978 P.2d 86, 90 (Alaska 1999).

12. *See* AS 23.10.110(a), (j).

13. William Lytle was one of the three defendants originally named in the complaint. In September 1998 the employees were served notice to show cause within 60 days why the case should not be dismissed for failure to serve Lytle. The employees filed proof of service by publication for Lytle on April 28, 1999. Lytle never answered the complaint. However, when Bryant and Mascot filed their preliminary witness list on December 6, 1999, William Lytle was listed, with his address being in care of defense counsel Charles Cole. Then, on July 14, 2000, Cole filed an opposition to Havelock's motion to dismiss with an award of attorney's fees on behalf of "Defendants, and each of them." The trial court, therefore, should make a determination as to whether Lytle is a defendant who has properly answered the complaint against him and is a party before the court or if the employees must resort to a default judgment against him.

14. Bryant denied that he and Mascot were the employers of the plaintiff employees. Because the complaint did not allege that Mascot was the employer, Mascot did not address the issue in its answer. The employees, though, claim they were employed by Lytle and Bryant acting in concert, utilizing Mascot to achieve their objectives.

15. No determination was made by the superior court as to whether the employees fell within AWHA. Not all employees in Alaska are subject to the requirements of AWHA. *See* AS 23.10.055. Specifically, individuals employed in the search for placer or hard rock minerals are exempt from the provisions of AWHA. *See* AS 23.10.055(10). McCreadie, Morlang, and Weise were hired to work on mining claims near Mile 161 of the Dalton Highway to move and operate mining equipment, clean up a mining site, build roads, disassemble a mineral processing plant, and clean up creeks, thereby possibly falling under one of the exceptions to AWHA.

16. If AWHA does apply, the trial court must review McCreadie, Morlang, and Weise's claims for overtime compensation under AS 23.10.060 and AS 23.10.110(a). Under AS 23.10.110(a), the employees are entitled to their back overtime pay and an equal amount in liquidated damages. If Lytle, Bryant, or Mascot allege that the employee's claims have been privately settled, the settlement must be reviewed by the court under AS 23.10.110(j) to determine if it is fair to the parties.

17. Alaska R. Civ. P. 82(a) states:

Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.

Even without formal judicial relief, many plaintiffs achieve the goals of their litigation. And, "defendants, on the whole, are usually rather reluctant to concede that the litigation prompted them to mend their ways." [18] To compensate for this reluctance, federal courts have previously adopted a "catalyst" approach to awards of attorney's fees for cases brought under federal fee-shifting statutes, such as 42 U.S.C. § 1988 and other statutes that provide for attorney's fees.[19] Although the United States Supreme Court has recently disavowed use of the catalyst theory in suits under federal fee-shifting statutes,[20] the rationale behind this theory may apply to the facts of this case. As this approach allows for awards of attorney's fees in instances where a plaintiff prevails when his or her lawsuit brings about the relief requested in a manner other than a formal judgment, we believe that it may be appropriately used under the circumstances of this case.[21]

■ To determine if a plaintiff who settles is a prevailing party under Rule 82, using the catalyst approach the plaintiff must "show both a causal connection between the filing of the suit and the defendant's actions and that the defendant's conduct was required by law, i.e., not a wholly gratuitous response to an action that in itself was frivolous or groundless." [22]

■ This two-part test consists of both a factual and a legal inquiry. The plaintiff must first show that the goal of litigation has been achieved. He or she need only succeed on any significant issue which achieves some of the benefit sought in bringing the suit.[23] The court must then determine if there is a causal connection between the defendant's action generating relief and the lawsuit. This is established by evidence that the plaintiff's lawsuit is "a substantial factor or significant catalyst in motivating the defendants to [settle]." [24] This intensely factual test emphasizes the chronology of events as an important element in determining causation.[25]

■ Once a plaintiff has shown that his or her lawsuit was a catalyst in causing the defendant to act, the plaintiff has made a prima facie case that he or she is the prevailing party and is entitled to attorney's fees. The plaintiff need not prove that the defendant's conduct is required by law or otherwise show the defendant's motivation. Rather, it is only if the defendant can demonstrate that the plaintiff's lawsuit lacked colorable merit or that the defendant's action was wholly gratuitous that the plaintiff is not entitled to recover attorney's fees.[26]

■ When a plaintiff prevails under the catalyst theory by settling the case and achieving the goal of the lawsuit, the court should award attorney's fees under Rule 82(b)(2).[27] In cases that require more of an

18. *Posada v. Lamb County, Texas*, 716 F.2d 1066, 1072 (5th Cir.1983).

19. *See State, Dep't of Natural Res. v. Tongass Conservation Soc'y*, 931 P.2d 1016, 1017 (Alaska 1997). *See also Hennigan v. Ouachita Parish Sch. Bd.*, 749 F.2d 1148 (5th Cir.1985); *Envtl. Def. Fund, Inc. v. E.P.A.*, 716 F.2d 915 (D.C.Cir. 1983).

20. *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

21. In *Sanders v. Barth*, 12 P.3d 766 (Alaska 2000), we held that where cases are settled without any reference to Rule 82 attorney's fees, such fees may not be awarded. But given the suspect conduct of Bryant or Mascot in bypassing the employees' attorney in reaching settlement, we decline to apply the rule of *Sanders* to this case.

22. *Hennigan*, 749 F.2d at 1151. *See also Envtl. Def. Fund*, 716 F.2d at 919–20; *Johnston v. Jago*,

691 F.2d 283, 286 (6th Cir.1982); *Harrington v. DeVito*, 656 F.2d 264, 266–67 (7th Cir.1981); *United Handicapped Fed'n v. Andre*, 622 F.2d 342, 345–46 (8th Cir.1980); *Operating Eng'rs Local Union No. 3 of the Int'l Union of Operating Eng'rs v. Bohn*, 737 F.2d 860, 863 (10th Cir. 1984); *Nadeau v. Helgemoe*, 581 F.2d 275, 280–81 (1st Cir.1978).

23. *Nadeau*, 581 F.2d at 278.

24. *Posada*, 716 F.2d at 1072.

25. *Id.*

26. *Hennigan*, 749 F.2d at 1152–53.

27. Alaska R. Civ. P. 82(b)(2) states:

In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party ... in a case resolved without trial 20 percent of its actual attorney's fees

award than is permitted under Rule 82(b)(2), the court can vary an award according to the factors listed in Rule 82(b)(3).

On remand, the superior court should consider whether McCreadie, Morlang, and Weise's claims implicate AWHA. If they do, the court should award those employees attorney's fees pursuant to AS 23.10.110(c).[28] If McCreadie, Morlang, and Weise's claims do not implicate AWHA and they are therefore entitled to privately settle their claims, the superior court should consider whether they are entitled to an award of fees under the catalyst theory. Finally, because their claims do not come under AWHA, DeSalvo and White in any case are entitled to a determination under the catalyst theory of whether they are entitled to an award of fees.

## V. CONCLUSION

Because the superior court did not consider whether AWHA applied to the claims of McCreadie, Morlang, and Weise, we remand for determination of that issue. If the statute is found to apply to those employees, the superior court should apply it (including determination of liquidated damages) and award attorney's fees pursuant to AS 23.10.110(c). If AWHA does not apply, the superior court should determine whether they are entitled to attorney's fees under the guidelines established in this opinion. As to DeSalvo and White, the court must make the determination under the catalyst theory, as AWHA does not apply to their claims.

which were necessarily incurred. The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal, or law clerk.

**28.** AS 23.10.110(c) states, in part:
The court in an action brought under this section shall, in addition to a judgment awarded to the plaintiff, allow costs of the action, and except as provided in (e)-(h) of this section, reasonable attorney fees to be paid by the defendant.
AS 23.10.110(e)-(h) establish a good faith defense for an employer who shows by clear and convincing evidence that the employer had reasonable grounds for believing that the act or omission was not in violation of AS 23.10.060.