Sergey MISYURA, Appellant,

v.

Lyudmila MISYURA, Appellee.

No. S–13809.

Supreme Court of Alaska.

Nov. 24, 2010.

Thomas R. Wickwire, Law Office of Thomas Wickwire, Fairbanks, for Appellant.

Robert John, Law Office of Robert John, Fairbanks, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

*MEMORANDUM OPINION AND JUDGMENT* *

## I. INTRODUCTION

Sergey and Lyudmila Misyura were married in 1994 and divorced in 2009. The superior court awarded Lyudmila primary physical custody of the parties' three children. Sergey was permitted visitation with the children provided certain conditions were met.

When Lyudmila planned to move out of state with the children, Sergey sought a preliminary injunction to prevent her from leaving Alaska. Sergey's motion for preliminary injunction was not accompanied by a motion to modify custody. The superior court denied the motion for preliminary injunction and Sergey appeals. He argues that Lyudmila should not have been permitted to move out of state with the children and that the superior court erred by not scheduling a hearing on his motion for preliminary injunction. We affirm the superior court's order denying the motion for preliminary injunction and rejecting Sergey's claim that he was entitled to a hearing.

## II. FACTS AND PROCEEDINGS

The facts pertaining to the parties' 2009 divorce and related custody dispute, which left Lyudmila with primary physical and sole legal custody of the parties' children, are set out in *Misyura v. Misyura (Misyura I )*, 242 P.3d 1037 (Alaska 2010).

In December 2009 Lyudmila became engaged to a person in the military. When the military transferred Lyudmila's fiancé to Georgia, she began planning to move there. The parties dispute whether Lyudmila notified Sergey of these plans: Lyudmila stated in an affidavit that she informed him about the move in December 2009; Sergey asserts that he first learned of the move from the parties' oldest daughter on February 24, 2010.

Sergey did not file a motion to modify custody, but on March 2, 2010, he filed a motion for preliminary injunction seeking an order prohibiting Lyudmila from leaving Alaska with the children. He requested expedited consideration of the motion and argued that Lyudmila should not be allowed to move because: (1) she had not mentioned the move to him or received his consent or the court's permission; (2) the move constituted a substantial change in circumstances; and (3) a hearing should be required first to determine the nature of the move, its potential impact on the children, and potential modifications of custody and visitation.

Lyudmila opposed the motion. She argued that it did not set forth grounds sufficient to meet any part of the three-part test for preliminary injunctions. Specifically, Lyudmila argued: (1) because she was willing to support contact and non-contact visitation between Sergey and the children after the move, he had not proven that he would suffer irreparable harm if she moved; (2) she could not be adequately protected from harm caused by an injunction requiring her to forgo the impending move; and (3) Sergey had not raised serious and substantial questions about the merits. Sergey filed a reply in which he denied any advance notice of the move, argued that the move would necessarily impinge upon his relationship with the children, and reasserted that a hearing should be required before Lyudmila left Alaska.

On March 4, 2010, the superior court denied the motion for preliminary injunction. The court found that Lyudmila's move was "for personal reasons" and not intended to frustrate Sergey's visitation. Sergey appeals the superior court's decision and requests that Lyudmila be "ordered back to Alaska."

## III. STANDARD OF REVIEW

■ This court reviews the issuance of a preliminary injunction for abuse of discretion [2] and "will find an abuse of discretion only when ... left with a definite and firm

---

* Entered pursuant to Appellate Rule 214.

**2.** *N. Kenai Peninsula Rd. Maint. Serv. Area v. Kenai Peninsula Borough,* 850 P.2d 636, 639

(Alaska 1993) (citing *State v. Kluti Kaah Native Village,* 831 P.2d 1270, 1272 n. 4 (Alaska 1992)).

conviction, after reviewing the whole record, that the trial court erred in its ruling." [3]

## IV. DISCUSSION

### A. Sergey Was Not Entitled To A Hearing On His Motion For Preliminary Injunction.

In Alaska, an award of custody or visitation may only be modified "if the court determines that a change in circumstances requires the modification ... and the modification is in the best interests of the child." [4] We have held that "the custodial parent's decision to leave the state with the children constitutes a substantial change in circumstances" entitling the non-custodial parent to a hearing on whether modification of custody is in the best interests of the child. [5] Sergey argues that the superior court erred because it did not hold a hearing to assess the best interests of the children before denying his motion for preliminary injunction. He contends that modification of the custody arrangement without a hearing cut off his visitation and violated his due process rights.

Sergey's argument fails because he did not file a motion to modify custody; he filed a motion for preliminary injunction seeking to prohibit Lyudmila from leaving Alaska. Sergey's alternative argument, that he "did not have time to move for modification because the court authorized [Lyudmila's] move with the children out-of-state in response to his motion to prohibit her move and set a hearing" fails for the same reason: Sergey did not file a motion to modify custody to accompany his motion for preliminary injunction. Resolution of the limited question before us in this appeal does not mean that Sergey is without options. The superior court retains jurisdiction over the parties and their children despite Lyudmila's move,[6] and Sergey is free to file a motion to modify custody.[7] In the meantime, the superior court did not err by denying Sergey's motion for preliminary injunction without holding a hearing.

### B. The Trial Court Did Not Err By Denying Sergey Injunctive Relief.

This court has set forth a "balance of hardships" test for considering whether to grant a preliminary injunction:

The showing required to obtain a preliminary injunction depends on the nature of the threatened injury. If the plaintiff faces the danger of irreparable harm and if the opposing party is adequately protected, then we apply a balance of hardships approach in which the plaintiff must raise serious and substantial questions going to the merits of the case; that is, the issues raised cannot be frivolous or obviously without merit. If, however, the plaintiff's

3. *City of Kenai v. Friends of the Recreation Center, Inc.*, 129 P.3d 452, 455 (Alaska 2006) (internal quotations omitted) (citing *DeSalvo v. Bryant*, 42 P.3d 525, 528 (Alaska 2002)).

4. AS 25.20.110(a).

5. *House v. House*, 779 P.2d 1204, 1207–08 (Alaska 1989).

6. AS 25.30.310 dictates that:
   [A] court of this state that has made a child custody determination ... has exclusive, continuing jurisdiction over the determination until ... a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or ... a court of this state or a court of another state determines that neither the child, nor a parent, nor a person acting as a parent presently resides in this state.

7. We have held that "a custodial parent's decision to move out-of-state with the children amounts to a substantial change in circumstances as a matter of law." *Barrett v. Alguire*, 35 P.3d 1, 6 (Alaska 2001) (internal quotation marks and citations omitted). Once a material change of circumstances is established in a case where there was no prior judicial determination of the children's best interests, the moving party is entitled to a hearing to decide whether it is in the children's best interests to alter the custody arrangement. *Id.* Here, the superior court made a "best interests" determination at the conclusion of the trial held in 2009. And the superior court found that Sergey had a history of perpetrating domestic violence under AS 25.24.150(g). The domestic violence finding gives rise to a rebuttable presumption against awarding custody to Sergey. AS 25.24.150(g). If Sergey files a motion to modify custody, the superior court will have to decide whether he has overcome this statutory presumption.

**522**

threatened harm is less than irreparable or if the opposing party cannot be adequately protected, then we demand of the plaintiff the heightened standard of a clear showing of probable success on the merits.[8]

The superior court concluded that Sergey did not demonstrate a likelihood of success on the merits of his claim sufficient to satisfy the "balance of hardships" test for a preliminary injunction.[9] We agree. Alaska law does not require a custodial parent to obtain permission from the non-custodial parent before moving out of state.[10] This court has held that a custodial parent is permitted to move out of state with her children as long as the move is for a legitimate reason, that is, not primarily motivated by the desire to make the non-custodial parent's visitation more difficult.[11] "No Alaska law allows a court to require a custodial parent to [forgo] relocation if custody with that parent remains in the child's best interests and the relocation is not for an illegitimate reason."[12] Nothing in Sergey's pleadings or affidavits argued that Lyudmila's planned move was motivated by illegitimate intentions, and Lyudmila clearly stated in the affidavit she filed in opposition to the motion for preliminary injunction that the purpose of the move was to allow her to accompany her fiancé to his new assignment in Georgia, to pursue her education, to work fewer hours, to spend more time with the parties' children, and to improve her financial position. Lyudmila's move makes Sergey's visitation much more difficult, but that fact, alone, is insufficient to prove that the move was motivated by a desire to cut off Sergey's relationship with the children.

We agree with the superior court's conclusion regarding Sergey's failure to demonstrate a probability of success on the merits, and affirm its denial of the motion for preliminary injunction.

## V. CONCLUSION

For the reasons set forth above we AFFIRM the decision of the superior court.

---

8.  *State, Div. of Elections v. Metcalfe*, 110 P.3d 976, 978 (Alaska 2005) (internal quotation marks and citations omitted).

9.  The superior court did not explicitly articulate which standard it was applying to Sergey's motion for preliminary injunction. On review, we conclude that Sergey's showing did not satisfy either level of the "balance of hardships" test.

10.  *McQuade v. McQuade*, 901 P.2d 421, 424 (Alaska 1995).

11.  *Id.; House v. House*, 779 P.2d 1204, 1208 (Alaska 1989).

12.  *Moeller–Prokosch v. Prokosch*, 27 P.3d 314, 317 (Alaska 2001).