# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | No. 68632-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| JACOB D. TUJI, B.D. 09/01/94, | ) ) ) | |
| Appellant. | ) ) | FILED: May 28, 2013 |

GROSSE, J. — A claim of insufficiency of the evidence requires an appellate court to review the evidence to determine whether any rational trier of fact could find each element of the crime was proved beyond a reasonable doubt. Matters pertaining to credibility of witnesses, conflicting testimony, and persuasiveness of the evidence are the exclusive province of the fact finder. Here, although the evidence was conflicting, there was sufficient evidence from the accounts of three eyewitnesses to support the trial court's finding that it was the respondent who committed the assault.

## FACTS

On September 22, 2011, Erika Bowman and her brother Charles Bowman boarded a crowded bus heading to the South Renton Park and Ride. Erika was carrying a small animal in a large cage. She sat in an aisle seat with the cage on the floor by her seat. Charles sat in a seat closer to the front of the bus, a few rows ahead of Erika's seat. At Southcenter Mall a group of teenagers, including Jacob Tuji and Devaughn Simmons, boarded the bus. Simmons wanted Erika to move over so he could have her seat. She refused, but offered to let him sit near the window as she wanted to safeguard her pet. The teens became abusive with

one of them calling her a "fat white bitch." Erika responded by calling the teenagers "Black Smurfs." The verbal altercation escalated with the teens accusing Erika of being racist. Charles, hearing the insults directed at his sister, stood up and told them to leave his sister alone. Threats were made to jump Charles and "punch [his] crooked eye straight." The bus driver verbally intervened threatening to put them off the bus. The argument subsided and Charles returned to his seat.

At the South Renton Park and Ride, Erika and Charles exited the bus along with several of the passengers. Erika saw Charles being assaulted by a couple of the teenagers, including Tuji. She tried to pull them off and Tuji punched her. Erika identified Tuji as the person who punched her as she tried to pull him off. The teenagers ran off and Erika followed calling 911. Erika described Tuji as a black teenage male with a thin build, wearing a black and white striped shirt. Shortly thereafter the police apprehended Simmons and Tuji, a black teen male, with a thin build, wearing a black and white striped shirt. Tenisha Hermans, a fellow passenger who disembarked from the bus at the same time, witnessed the attack on Charles. Erika, Charles, and Hermans provided Office Donald Meyers with a statement about what had happened. The police transported the three witnesses, one at a time, to a show-up identification. Erika identified Tuji as one of the teenagers who had harassed her on the bus and who was standing over Charles on the ground. Charles identified Tuji as one of the teens who threatened to jump him on the bus and as one of the teens that had attacked him. Hermans identified Tuji as the teenager whom she saw punching Charles several times. Charles was treated at the scene and later

transported to Valley Medical Center where he was diagnosed with facial fractures.

The State charged Tuji with second degree assault. The trial court found Tuji guilty of the offense charged. Tuji appeals.

ANALYSIS

The State must prove each essential element of a charged crime beyond a reasonable doubt.[1] Tuji argues that there was insufficient evidence to prove that he was the person who assaulted the victim.[2] Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the State, any rational fact finder could find the essential elements of the crime beyond a reasonable doubt.[3] The State bears the burden of establishing beyond a reasonable doubt the identity of the accused as the person who committed the offense.[4] A claim of insufficiency of evidence admits the truth of the State's evidence and all inferences that can be reasonably drawn from that evidence.[5] "We defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of evidence."[6]

Here, Tuji argues that the evidence was insufficient to identify him as the one who committed the assault. He contends that the evidence linking him with the assault was equivocal and conflicting. Two of the three eye witnesses

---

[1] State v. Oster, 147 Wn.2d 141, 146, 52 P.3d 26 (2002).
[2] The charge of second degree assault required the State to prove that Tuji intentionally assaulted Charles Bowman and thereby recklessly inflicted substantial bodily harm. RCW 9A.36.021(1)(a). Tuji only challenges the sufficiency of the identification.
[3] State v. Salinas, 119 Wn.2d 192, 201, 820 P.2d 1068 (1992).
[4] State v. Hill, 83 Wn.2d 558, 560, 520 P.2d 618 (1974).
[5] Salinas, 119 Wn.2d at 201.
[6] State v. Manion, ___ Wn. App. ___, 295 P.3d 270, 281 (2013); State v. Fiser, 99 Wn. App. 714, 719, 995 P.2d 107 (2000).

testified that they actually observed Tuji assault the victim. Erika acknowledge that she did not see the first punch thrown, but testified that when she tried to break up the fight, she was punched by the person she described with the slim eyes, which indicated Tuji. Hermans testified that Tuji was wearing a black and white striped shirt and that he was the individual who had hit Charles several times. Herman also testified that it was Tuji who swung at Erika. Although Hermans' identification was based in part on the black and white striped shirt Tuji was wearing at the show-up identification, she also described the attacker as a tall, slim, black male and testified that he was the same person she saw attacking Charles. At trial Charles testified that he had been hit several times by an individual wearing a black and white striped shirt. Officer Meyers testified that Charles was able to identify Tuji as the suspect who had struck him.

When viewed in the light most favorable to the State, the evidence was sufficient to prove that it was Tuji who assaulted Charles with the intent to harm. Accordingly, we affirm the order on disposition.

WE CONCUR: